Emmett S. Roberts Secretary Department of Health and Rehabilitative Services Tallahassee
QUESTION:
Are state employees who have been granted immunity by the state attorney for the purpose of obtaining their testimony regarding a child abuse committed by another state employee subject to disciplinary action for their failure to timely report the child abuse witnessed by them?
SUMMARY:
When state employees are granted immunity pursuant to s. 914.04, F. S., in order to compel their testimony regarding the criminal acts of another, the immunity extends to and precludes any administrative proceeding to discharge or otherwise discipline such employees for their conduct concerning the matter about which they were compelled to testify.
The factual circumstances from which your inquiry arises, as presented in your correspondence, are briefly summarized as follows: A child committed to the custody of the state at Sunland Training Center was subjected to an act of child abuse by a state employee. Such abusive action was witnessed by other state employees who made no report thereof. In the subsequent criminal prosecution of the employee who committed the abuse the state attorney granted immunity to the state employee witnesses in order to compel their testimony regarding the incident. A conviction was obtained and the employment of the individual who was convicted was terminated.
Section 827.07(4), F. S., provides, in relevant part, that:
 Any person, including, but not limited to, any physician, nurse, teacher, social worker, or employee of a public or private facility serving children, who has reason to believe that a child has been subject to abuse shall report or cause reports to be made to the department.
And s. 827.09(3)(a), F. S., in pertinent part provides:
 Any person, including, but not limited to, any physician, psychologist, nurse, teacher, social worker, employee of a public or private facility serving developmentally disabled persons, or parent of such developmentally disabled person, who has reason to believe that a developmentally disabled person has been subjected to abuse shall report, or cause reports to be made, to the department.
Therefore, the state employee witnesses to their coworker's acts of abuse clearly had a specific duty to report the incident or cause it to be reported to the Department of Health and Rehabilitative Services.
Furthermore, willful and knowing failure by the employees to make such reports or cause them to be made would constitute guilt of a misdemeanor of the second degree, upon their being so charged and convicted. Section 827.07(11), F. S. Consequently, since testimony by the state employee witnesses would tend to be inculpatory and expose them to possible criminal sanction, they would be entitled to invoke their privilege against self-incrimination as guaranteed by the Fourth and Fifth Amendments to the United States Constitution.
However, in such circumstances the testimony of such witnesses could nonetheless be compelled pursuant to s. 914.04, F. S., which provides:
 No person, having been duly served with a subpoena or subpoena duces tecum, shall be excused from attending and testifying or producing any book, paper or other document before any court having felony trial jurisdiction, grand jury, or State Attorney, upon investigation, proceeding, or trial for a violation of any of the criminal statutes of this state upon the ground or for the reason that the testimony or evidence, documentary or otherwise, required of him may tend to convict him of a crime or to subject him to a penalty or forfeiture, but no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he may so testify or produce evidence, documentary or otherwise, and no testimony so given or produced shall be received against him upon any criminal investigation or proceeding. (Emphasis supplied.)
In effect this statute operates to enable the state to obtain testimony which would otherwise be protected by the privilege against self-incrimination by granting immunity to those whose testimony is compelled by proper subpoena.
It is clear that the above statute was intended to grant use as well as transactional immunity. In other words, the statute not only prevents the use of any testimony or evidence produced by the witness in an action against him, but also protects the witness from being prosecuted at all, for any violations as to which his testimony might inculpate him. Therefore, the only remaining issue is whether or not the immunity extends to and bars administrative proceedings to discharge or otherwise discipline such a witness who is employed by the state.
This issue is resolved by the case of Lurie v. Florida State Board of Dentistry, 288 So.2d 223 (Fla. 1973), which was referenced in your letter. In this case, the license of a dentist was revoked by administrative proceedings for his acts in connection with criminal activity as to which he had previously testified. His prior testimony had been compelled by subpoena and he had been granted immunity by the state attorney pursuant to a statute identical in all material respects with s. 914.04, F. S.
The court viewed the revocation proceedings to be a `prosecution to effect a penalty or forfeiture as contemplated by the statute' construing the term forfeiture to include the loss of property, position, or some personal right. Employees of the state, upon achieving permanent status in the State Career Service System, are vested with a property interest in their position and the emoluments thereof under Ch. 110, F. S. See AGO 075-94. Therefore, there is no basis upon which to distinguish the situation considered in the Lurie case.
Accordingly, I conclude that your department is without authority to subject the state employees to disciplinary proceedings for their conduct concerning the matter to which they were compelled to testify.
Prepared by: Joseph W. Lawrence II, Assistant Attorney General